ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-3847

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

**FILED**

MAR 1 3 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00152-DC |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| NOAH JACOB LAMB, | |
| Defendant. | |

# I.     INTRODUCTION

## A.     Scope of Agreement

The indictment in this case charges the defendant with violations of 18 U.S.C. § 371 - Conspiracy (Count One); 18 U.S.C. § 373 - Soliciting the Murder of Federal Officials (Counts Two, Three, and Four); 18 U.S.C. § 119 - Doxing Federal Officials (Counts Five, Six, and Seven); and 18 U.S.C. § 875 - Interstate Threatening Communications (Count Eight). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California and the Civil Rights and National Security Divisions of the U.S. Department of Justice (collectively, the "government") and the defendant regarding this case. This plea agreement is an agreement between the above-listed parties, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## B.     Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw the defendant's guilty plea, and the defendant will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence they will receive.

# II.     DEFENDANT'S OBLIGATIONS

## A.     Guilty Plea

The defendant will plead guilty to 18 U.S.C. § 373 - Soliciting the Murder of a Federal Official (Count Two). The defendant agrees that they are in fact guilty of this offense and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of

the record of the case. The defendant understands and agrees that they will not be allowed to withdraw the defendant's plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by the defendant in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.  Sentencing Recommendation

The defendant and their counsel may recommend whatever sentence they deem appropriate.

### C.  Fine

The parties agree that no fine is appropriate in this case.

### D.  Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

### E.  Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant violates this plea agreement in any way, withdraws the defendant's plea, or tries to withdraw the defendant's plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by failing to plead guilty to Count Two of the indictment as agreed; representing, directly or through counsel, to the government or the Court, that the defendant will not plead to Count Two of the indictment; moving to withdraw the defendant's guilty plea; filing an appeal or other post-conviction proceedings not authorized in Section VII.B; disputing or denying guilt of the offense in the indictment to which the defendant has agreed to plead guilty, or denying or disputing any fact contained in the stipulated factual basis; committing any crime; providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete to the United States or in any litigation or sentencing process in this case; or violating the terms

of this agreement or any additional agreement between the parties, including engaging in any post-plea conduct constituting obstruction of justice. In the event of breach, the government also shall have the right (1) to prosecute the defendant on any count to which the defendant pleaded guilty; and (2) to file any new charges that would otherwise be barred by this plea agreement. The defendant would thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the government.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of the indictment may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of the indictment. The judicial determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

## III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Dismissals

If the Court accepts the defendant's plea of guilty, the government agrees to move, at the time of sentencing, to dismiss the remaining counts in the indictment in the above-captioned case, provided that

the defendant does not violate this agreement, as provided in II.E (Defendant's Violation of Plea Agreement) and VII.B (Waiver of Appeal), or any other agreement between the parties.

### B. Recommendations

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for the defendant's conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, the defendant's attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty: namely, Count Two of the indictment, which charges the defendant with a violation of 18 U.S.C. § 373 – Soliciting the Murder of a Federal Official:

1. The defendant intended for another person to commit conduct constituting the federal felony crime of violence charged in Count 2; namely, the unlawful killing, with malice aforethought, of Federal Official 1, an officer or employee of the United States, while Federal Official 1 was engaged in official duties or on account of the performance of Federal Official 1's official duties, in violation of 18 U.S.C. § 1114; and

2. Under circumstances strongly corroborative of that intent:

    a. the defendant solicited, commanded, induced, or otherwise endeavored to persuade another person to engage in such conduct; or

b.     the defendant aided and abetted a co-conspirator who solicited, commanded, induced, or otherwise endeavored to persuade another person to engage in such conduct; or

c.     the defendant's co-conspirator solicited, commanded, induced, or otherwise endeavored to persuade another person to engage in such conduct during and in furtherance of the conspiracy and the co-conspirator's conduct was a reasonably foreseeable consequence of the conspiracy;

The defendant fully understands the nature and elements of the crime charged in the indictment to which the defendant is pleading guilty, together with the possible defenses thereto, and has discussed them with the defendant's attorney.

## V.    MAXIMUM SENTENCE

### A.   Maximum Penalty

The maximum sentence that the Court can impose is up to twenty years of incarceration, a fine of $250,000, or both, a three-year period of supervised release and a special assessment of $100.

### B.   Violations of Supervised Release

The defendant understands that if the defendant violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment.

## VI.    SENTENCING DETERMINATION

### A.   Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is

reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The parties are free to recommend to the Court whatever sentence they believe is appropriate under 18 U.S.C. § 3553(a).

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights

The defendant understands that by pleading guilty the defendant is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on their behalf; (f) to confront and cross-examine witnesses against them; and (g) not to be compelled to incriminate themself.

### B.   Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal the defendant's guilty plea, conviction, and sentence. The defendant agrees as part of the defendant's plea/pleas, however, to give up the right to appeal any aspect of the guilty plea, conviction, or the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence imposed in this case, except for non-waivable claims.

PLEA AGREEMENT                    7          UNITED STATES v. NOAH JACOB LAMB

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss without prejudice remaining counts against the defendant, if the defendant ever attempts to vacate the defendant's plea, dismiss the underlying charges, or modify or set aside the defendant's sentence on any of the counts to which the defendant is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

## VIII.    ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely set forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: ____13 MARCH 2026____   _____
TIM ZINDEL
Counsel for Defendant

### B.    Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: ____13 March 2026____   _____
NOAH JACOB LAMB, Defendant

PLEA AGREEMENT                    8                    UNITED STATES v. NOAH JACOB LAMB

C.    **Attorneys for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: ___3/13/26___

ERIC GRANT
United States Attorney
Eastern District of California

/s/ Robert Abendroth
ROBERT ABENDROTH
Assistant U.S. Attorney

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

/s/ Christopher J. Perras
CHRISTOPHER J. PERRAS
Special Litigation Counsel

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

/s/ Patrick Cashman
PATRICK CASHMAN
Trial Attorney

PLEA AGREEMENT                              9                    UNITED STATES v. NOAH JACOB LAMB

## EXHIBIT A

### Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Telegram Messenger ("Telegram") is a digital communications platform that allows users from around the world to send encrypted one-on-one messages, participate in group chats, share files, and operate and subscribe to "channels" that broadcast messages and content. "The Terrorgram Collective," commonly referred to as "Terrorgram"—a combination of the words "terrorism" and "Telegram"—is a network of channels, group chats, and users on Telegram that promote white supremacist accelerationism, an ideology centered on the belief that the white race is superior; that society is irreparably corrupt and cannot be saved by political action; and that violence and terrorism are necessary to ignite a race war and "accelerate" the collapse of the government and the rise of a white ethnostate.

To achieve its vision of white revolution and domination, members of the Terrorgram Collective have solicited terrorist attacks, including, but not limited to, bias-motivated attacks against groups deemed by Terrorgram to be enemies of the white race; attacks on government infrastructure, such as government buildings and energy facilities, which they believe will ignite a race war and help accelerate the collapse of government and society; and attacks on "high-value-targets"—like politicians and government officials—whom Terrorgram sees as perpetuating an irredeemable society and whose murders Terrorgram believes would sow chaos and further accelerate the government's downfall.

Between November 2021 and September 2024, Defendant Lamb conspired and agreed with Defendant Matthew Robert Allison ("Allison"), Defendant Dallas Erin Humber ("Humber"), and another member of the Terrorgram Collective, to create "The List," a Terrorgram hit list of "high-value targets" for assassination that they described as a "kill list in book form", "a kill book complete with full doxes and images", and "a phone book for kill list doxes".

In furtherance of that conspiracy, Defendant Lamb collaborated on The List with Defendant Allison, Defendant Humber, and another member of the Terrorgram Collective. Defendant Lamb's primary role on The List project was to identify suitable targets and "dox" them (i.e., find out their home addresses and other personally identifiable information) so that Defendants Humber and Allison could convert that raw data into a stylized "hit list" that they could then disseminate to accelerationists ready to take real-world action. During the conspiracy, the group completed 47 pages of The List. Each page of The List featured a target; the target's name, job, and home address; photographs of the target and the target's family members and residence, if available; and the reason the individual was targeted for assassination. Individuals named in The List, many of whom were targeted because of race, religion, national origin, sexual orientation, and/or gender identity, include federal officials—such as a United States Senator (Federal Official 1), a United States District Court Judge (Federal Official 2), and a former United States Attorney (Federal Official 3)—state officials; municipal officials; and leaders of private companies and non-governmental organizations. Defendant Lamb personally completed the doxes for many of the individuals targeted in The List, including Federal Official 1.

Defendant Lamb recommended beginning "The List" with a quote from William Luther Pierce's "The Turner Diaries," a foundational text of accelerationism that popularized the concept of "the Day of

the Rope"—the mass execution, primarily by hanging, of "race traitors" and other enemies. The quote Defendant Lamb recommended imagines the beginning of a coordinated massacre by death squads: "Squads of our troops with synchronized watches suddenly appeared in a thousand blocks at once, in fifty different residential neighborhoods, and every squad leader had a long list of names and addresses." Defendant Lamb and his co-conspirators envisioned The List to serve as that "long list of names and addresses".

I, NOAH JACOB LAMB, hereby swear and affirm that this factual basis statement, and the General Allegations in the Indictment, which are hereby incorporated by reference, are true and correct to the best of my knowledge.

Dated: _13 MARCH 2026_

_____
NOAH JACOB LAMB, Defendant

PLEA AGREEMENT                                    A-2